## EGGELING v. ALLEN.

(Supreme Court, Appellate Term. December 13, 1898.)

1. APPEAL—EVIDENCE—RECORD.

A certified copy of an order appointing a receiver for plaintiff was served on defendant, who submitted such copy to the court, and moved that the case be dismissed on the ground of such appointment. The motion was denied, with the statement by the court that defendant could pay the money to the receiver if judgment was rendered against him, and he appealed. The order appointing a receiver was annexed to the return, but was not marked in evidence. *Held*, that the order would be regarded, on appeal, as a part of the record.

2. APPOINTMENT OF RECEIVER—RIGHT OF ACTION.

After an attorney at law had collected certain money for plaintiff, the latter became insolvent, and a receiver was appointed, and plaintiff and all persons except the receiver were restrained from interfering with the money. Thereafter plaintiff sued the attorney to recover the same. *Held*, that plaintiff was not the real party in interest, with power to prosecute the action.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Ida Eggeling against William L. Allen. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

L. L. G. Benedict, for appellant.
H. M. Greene, for appellee.

GILDERSLEEVE, J. The plaintiff recovered judgment against defendant upon a trial before the court and a jury. The defendant is an attorney at law, and the action was for a conversion of money collected by defendant for plaintiff in another action. This action was commenced on April 14, 1898, and tried on May 18th. Subsequent to the transaction in which defendant collected the money in question, and before the commencement of this action, plaintiff became insolvent, and this money, so collected by defendant for plaintiff, was discovered in supplementary proceedings. The court thereupon appointed a receiver of the property of the plaintiff herein, and restrained the said plaintiff, and all persons except the receiver, from interfering with said money. The order appointing the receiver was filed and recorded on February 15, 1898, and the receiver duly qualified.

At the opening of the trial herein, the defendant's attorney stated to the court that the defendant had been served with an order appointing a receiver for the moneys claimed in the action, and that the order enjoined both plaintiff and defendant from any interference with or transfer of the money, and said attorney added, "I submit this certified copy of the order to the court." He then moved that, for that reason, the case be dismissed. The court denied the motion, and directed the trial to proceed, saying, "If judgment is rendered against you [defendant], you can turn the money over to the receiver." We think this ruling was error. The order appointing a receiver, though annexed to the return, does not seem to have been marked in evidence. It was, however, treated by the court as properly in evidence, its effect was commented upon by the learned justice, and we must regard it as a part of the record that we are reviewing. It therefore clearly appears that the plaintiff was not the real party in interest, and was without power to prosecute the action.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.